NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFERY STRINGFIELD, | |
| Plaintiff, | |
| v. | Civil Action No. 11-01829 (SRC) |
| HONEYWELL INTERNATIONAL, INC., and HONEYWELL TECHNOLOGY SOLUTIONS, INC., | OPINION |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on Defendants Honeywell International, Inc.'s and Honeywell Technology Solutions, Inc.'s (collectively, "Defendants") motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [docket entry 8]. Plaintiff Jeffery Stringfield ("Plaintiff") has opposed the motion. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court will grant Defendants' motion and will transfer this action to the United States District Court for the Eastern District of Virginia.

**I. BACKGROUND**

Plaintiff, a Florida citizen, is a former employee of Defendant Honeywell Technology Solutions, Inc. ("HTSI"), a Delaware corporation with its principal place of business in Maryland

and corporate offices in Virginia.  HTSI is a wholly owned subsidiary of Defendant Honeywell International, Inc., also a Delaware corporation, with its principal place of business in New Jersey.  During his employment within HTSI's Logistics segment, Plaintiff worked overseas as a Program Manager in Iraq under an "Army Field Support Brigade - Iraq" government contract between HTSI and the United States Army ("AFSB Contract").  According to Plaintiff, during his tenure as Program Manager, he became aware of various fraudulent and illegal practices conducted by HTSI which he reported to HTSI management and human resources personnel.  First, Plaintiff complained that HTSI was illegally charging labor hours to the government for four employees on the AFSB Contract who were not actively employed.  Second, Plaintiff reported that a newly-hired HTSI employee was issued a military vehicle in violation of the terms of the AFSB Contract, military driving requirements, and HTSI's vehicle standard operating procedures.

Subsequently, on May 29, 2010, in a hotel conference room in Kuwait City, Kuwait, Plaintiff was terminated from employment with HTSI.  According to HTSI, Plaintiff was fired because of "increasingly problematic performance deficiencies."  (Defs.' Mot. to Transfer at 8, Apr. 21, 2011.)  Plaintiff, however, contends that he was terminated in retaliation for his whistleblowing activities, in violation of the federal False Claims Act ("FCA").

On or about March 22, 2011, Plaintiff filed an Amended Complaint in New Jersey state court, adding HTSI as a defendant and asserting a federal claim under the False Claims Act, 31 U.S.C. § 3730(h).  Defendants removed the action to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and shortly thereafter filed the instant motion to transfer venue to the United States District Court for the Eastern District of Virginia.

**II.     DISCUSSION**

In federal court, transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.1995). In this case, Defendants move to transfer pursuant to 28 U.S.C. § 1404(a). That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants contend and Plaintiff concedes that this action "may have been brought" in the Eastern District of Virginia. (Defs.' Mot. to Transfer at 15-17; Pl.'s Opp'n Br. at 13, June 6, 2011.) Therefore, the Court must determine whether Defendants have established that the Eastern District of Virginia is the more appropriate and convenient forum to hear this matter.

The party moving for a transfer of venue bears the burden of demonstrating that the balance of private and public factors weighs strongly in favor of transfer. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947); *Jumara*, 55 F.3d at 879. "The burden is not on the plaintiff to show that the proposed alternative forum is inadequate. On the contrary, the burden is on the moving party to show the proposed alternate forum is not only adequate but also more convenient than the present forum." *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 480 (D.N.J.1993) (citations omitted).

The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has

jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007). In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). This evaluation calls for this Court to balance various private and public interests related to the transfer. *Jumara*, 55 F.3d at 879. In *Jumara*, the Third Circuit provided a list of factors a district court should consider. The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. *Id.* The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

The balance of *Jumara*'s private and public interest factors weigh in favor of transfer in this case. The first and second private factors, which consider the parties' forum preference, are neutral since Plaintiff prefers New Jersey while Defendants prefer Virginia. In considering a 1404(a) motion to transfer, great weight should typically be given to a plaintiff's choice of forum. *See Lony v. E.I. Dupont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989). However, in this case, Plaintiff's choice is accorded less deference because, as a Florida resident, he has selected a

foreign forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981) (holding that when the plaintiff is foreign, the assumption that his choice is convenient is much less reasonable, warranting less deference to his choice). Plaintiff's choice is also afforded less deference in this case because the central underlying facts comprising his claim occurred outside his chosen forum of New Jersey. *See Wm. H. McGee & Co. v. United Arab Shipping Co.*, 6 F. Supp. 2d 283, 290 (D.N.J. 1997) *quoting Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (holding that deference is curbed when a plaintiff's choice of forum has little connection with the operative facts of the lawsuit). The dispute in the instant matter centers upon whether Plaintiff was fired in retaliation for his complaints regarding HTSI's practices; a claim arising from HTSI's conduct and Plaintiff's whistleblowing in Iraq, and HTSI's decision to fire Plaintiff which was made in Virginia and Maryland. In fact, Plaintiff does not allege that any affirmative wrongdoing occurred in New Jersey. Because Defendants have demonstrated that the operative facts to this litigation are not centered in New Jersey and because New Jersey is a foreign forum, Plaintiff's choice is entitled to less deference, rendering the first two factors neutral.

Moving on to the third factor, it appears from the facts presented to the Court that the FCA claim arose in Virginia and Maryland. The "locus of the alleged culpable conduct" determines the place where the claim arose and Plaintiff's unlawful termination charge is based on the decision to fire him that was made by HTSI employees in Virginia and Maryland. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988). As such, the third factor favors Virginia over New Jersey. The fourth factor, which considers the convenience of the parties as indicated by their relative physical and financial conditions constitutes a neutral factor since the Defendants are located in New Jersey and Virginia and their financial conditions permit them to

litigate in either state.

As for the convenience of the witnesses, the Court finds that it favors transfer. Defendants have shown that proceeding in New Jersey is likely to result in serious inconvenience for witnesses who will be unable or unavailable to testify in this forum. *See Jumara*, 55 F.3d at 879 (noting that convenience of witnesses is a factor to be considered "only to the extent that the witnesses may actually be unavailable for trial in one of the fora."). Defendants identify various key witnesses who reside in Virginia, Maryland, and California and are not under the control of the parties to this action and/or subject to the subpoena power of the Court. In addition, Plaintiff has not submitted the name of one non-party witness who resides or works in New Jersey. Finally, the location of books and records is of no particular significance to this venue transfer analysis because, while the majority of the relevant records are located in Virginia, Defendants have presented no evidence that they could not be produced in the alternate forum. *See id.* (noting that the location of books and records is a factor to be considered only "to the extent that the files could not be produced in the alternative forum.").

Turning to the public factors, the Court concludes that they favor transfer. Most of the factors - enforceability of judgment, relative administrative difficulty, fora's public policy and familiarity of trial judge with applicable state law - bear no significance in the analysis. Practical considerations, however, favor Virginia over New Jersey as the majority of the witnesses and records are located in Virginia and nearby Maryland. As for the interest in deciding local controversies, both states have a concern in resolving disputes involving one of their home-state businesses.

Thus, on balance, the Court finds that Defendants have shown that the relevant private

and public factors weigh in favor of transfer.  Defendants, in short, have successfully carried the burden of demonstrating that the proposed alternative forum is more convenient than the one chosen by Plaintiff.  Accordingly, this action will be transferred to the Eastern District of Virginia.

**III.** **CONCLUSION**

For the foregoing reasons, the Court in its discretion grants Defendants' motion to transfer this action to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  An appropriate form of Order will be filed.

 s/ Stanley R. Chesler  
STANLEY R. CHESLER.  
United States District Judge

DATED: June 29, 2011